WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
MEGAN A. LEWIS (SBN 221263)
mlewis@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
ANTHONY R. EATON (SBN 238070)
aeaton@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone: (916) 441-2430
Facsimile: (916) 442-6664

Attorneys for Chapter 11 Trustee,
DAVID D. FLEMMER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CWS ENTERPRISES INC.<br><br>Debtor. | Case No. 09-26849-C-11<br><br>WFH-50<br><br>Date: November 22, 2011<br>Time: 9:30 am<br>Dept.: C |

**TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY**

**SUBJECT TO OVERBID (BALTHAZAR PROPERTY)**

David D. Flemmer, the Chapter 11 Trustee ("Trustee"), moves this Court for an order approving the sale of real property. The Trustee seeks approval of the sale subject to overbid where competing bidders may appear and bid on the real property at the hearing on November 22, 2011. The Trustee's motion is made pursuant to Section 363(b) and (f) of the Bankruptcy Code.

## I.
## INTRODUCTION

The real property that is the subject of this motion is comprised of approximately 135 acres of agricultural land located at the intersection of Oswald and Township, Sutter County, California and also described as Assessor's Parcel's Nos. 21-230-015, 21-230-027 and 23-140-001 (the "Balthazar

Property"). The Trustee is aware of secured claims potentially affecting the Balthazar Property filed by creditors Cotchett, Pitre & McCarthy (the "Cotchett Claim"), Spiller McProud (the "Spiller Claim") and Freidberg & Parker (the "Freidberg Claim"). As more specifically discussed below, the Trustee seeks to sell the Balthazar Property free and clear of the interests of all of these purported secured creditors. Trustee also seeks to sell the property free and clear of liens of Hauser & Mouzes, a Professional Law Corporation, Randy E. Thomas, and the County of Sutter.

The Trustee seeks to sell the Balthazar Property for the sum of $1,450,000, subject to overbids. As of the date of the filing of this motion, the Trustee believes that all delinquent real property taxes have been paid. The Trustee intends to use the proceeds from the sale of the property to pay the broker's commission(s), non-delinquent real property taxes that are typically prorated in these types of transactions, and closing costs. Liens on the Balthazar Property will attach to the net sales proceeds with the same priority and with the same validity, subject to the same objections, as would otherwise have been applicable to the Balthazar Property.

The Trustee previously obtained Court approval to retain John Taylor and Lori Munz of Prudential California Realty to list the Balthazar Property for sale and entered into a listing agreement with the brokers as of August 23, 2011. A copy of the listing agreement is attached as Exhibit C. In September of 2011, Mr. Taylor forwarded to the Trustee an offer from Reason Farms, G.P. ("Reason Farms") to purchase the Balthazar Property for $1,400,000. Trustee and Reason Farms then exchanged a series of counteroffers resulting in an accepted offer for the purchase price of $1,450,000. The Trustee has signed all the initial transactional documents necessary to present the sale to the Court for approval (the "Transactional Documents"). The Transactional Documents are submitted with this motion as Exhibit "A".

The Trustee seeks Court approval of the sale of the Balthazar Property to Reason Farms, subject to overbids. Any overbids would be subject to the same terms and conditions as set forth in the Transactional Documents, except the purchase price. The Trustee also recommends that the Court authorized the overbid procedures set forth in this Motion.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

## II.
## DISCUSSION

Pursuant to section 363(b) of the Bankruptcy Code, the Trustee seeks to sell the Debtors' real property for the sum of $1,450,000, subject to an opportunity for overbids. Section 363(b)(1) provides that the Trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate.

A. **The Proposed Sale is in the Best Interests of the Debtor's Creditors and the Estate.**

Trustee believes the proposed sale is in the best interests of creditors. Liens attaching to the Balthazar Property will attach to the net proceeds and will be used by the Trustee subject to further order of the Court or pursuant to the terms of a confirmed Chapter 11 plan. Thus, the sale is in the best interests of the creditors and should be approved.

1. **The Proposed Purchase Price is Fair.**

The Trustee retained John Taylor and Lori Munz of Prudential California Realty during the Chapter 11 proceedings and the Balthazar Property was originally listed for sale at $1,500,000. It is the Trustee's opinion that the proposed $1,450,000 purchase price is both fair and reasonable. (Declaration of David D. Flemmer, ¶ 9.) The purchase price of $1,450,000 was negotiated at arms-length and will be subject to a fair overbid procedure. The Trustee has not received any offers higher than the price offered by Reason Farms and the Trustee believes that $1,450,000 is an appropriate price for this property in today's market. (Declaration of David D. Flemmer, ¶ 8.)

2. **The Overbid Procedure Provides Further Evidence that the Sale will Maximize the Estate's Return on the Property.**

The Reason Farms' offer will be subject to overbids at the sale hearing. This Motion will be served on all parties who have previously expressed an interest in the Balthazar Property to provide them with an opportunity to submit overbids. The Trustee believes the purchase price he will obtain for the Balthazar Property at the sale hearing will be the highest and best offer he can obtain. Thus, the overbid procedure is in the best interest of creditors.

The Trustee believes that the following bid procedures make sense and asks that the Court authorize them. First, any prospective bidder must submit evidence to Trustee that the potential

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

bidder is financially qualified at least 3 business days prior to the sale hearing. The Trustee shall have the right to decline bids from any bidder that has not submitted sufficient information to Trustee to justify that the bidder can qualify and close the sale. Second, in order to bid, all prospective bidders must be prepared to execute transactional documents in the same form and substance as was done by Reason Farms and provide the same $25,000 deposit. Third, the initial minimum overbid must be not less than $1,450,000. The Trustee will only entertain subsequent higher bids in increments of $10,000. Fifth, any successful overbidder will be required to provide a cashier's check in the amount of $25,000.00 as a deposit by close of business on November 22, 2011. Finally, the Trustee requests that the Court authorize the Trustee to accept not more than two overbidders as back-up bidders in the event the sale does not close with any initial overbidder.

**B. The Trustee Requests Approval to Sell the Balthazar Property Free and Clear of the Interests Reflected by the Cotchett Claim, the Spiller Claim and the Freidberg Claim.**

Trustee seeks to sell the property free and clear of certain liens pursuant to Section 363 (f). The Cotchett Claim and the Spiller Claim were initially one single claim. However, the Trustee and Cotchett Pitre & McCarthy have entered into a settlement agreement and the Trustee will request that Cotchett Pitre & McCarthy consent to the sale free and clear of its interest/lien pursuant to Bankruptcy Code Section 363(f)(2).

The Spiller McProud portion of the initial Cotchett Claim (i.e., the Spiller Claim) is disputed. The Trustee asserts that the reasonable value of the services that are the basis of the Spiller Claim are dramatically less than the amount claimed. Moreover, the plan of reorganization will provide that the Spiller Claim will be secured by other real property. Bankruptcy Code Section 363(f)(4) provides that the Trustee may sell property free and clear of any interest in such property of an entity other than the estate if such interest is in bona fide dispute. Until such time as there is a final determination of the appropriate amount of the Spiller Claim the interest attendant to such claim is in dispute.

The Freidberg Claim has been the subject of significant litigation and is also disputed. Trial on the Freidberg Claim is scheduled for January, 2012 and until as the issues involved in the litigation are finally resolved there can be no question that the interest evidenced by the Freidberg Claim is in bona

Wilke, Fleury,
Hoffelt, Gould &
Birney, LLP
Attorneys at Law
Sacramento

724307.1                                            -4-
TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY (BALTHAZAR)

fide dispute. Accordingly, the Trustee may sell the Balthazar Property free and clear of that interest pursuant to Bankruptcy Code Section 363(f)(4).

Hauser & Mouzes, a Professional Law Corporation and Randy E. Thomas apparently hold a deed of trust against the Balthazar property. Trustee has resolved the claims and paid the creditors in full, and now disputes the lien. Trustee also disputes the certificate of lien asserted by the County of Sutter and seeks to sell free and clear of such lien.

### C. The Trustee Requests that the Court find that the Purchase of the Balthazar Property by Reason Farms or any Successful Overbidder is Made in Good Faith.

The Trustee requests the Court to enter a finding that the $1,450,000 Reason Farms' transaction or any successful overbid is a transaction entered into in good faith pursuant to Section 363(m) of the Bankruptcy Code. Trustee has no other relationship with Reason Farms or any person or entities involved in management with that entity. The same is true with regard to any one person or entity that the Trustee suspects might be a potential overbidder. There is no evidence whatsoever that there has been fraud, collusion with, or any unfair advantage provided to Reason Farms or any potential overbidder. Accordingly, the proposed sale is one that supports a good faith finding by the Court consistent with Section 363(m) and the instructive language of *Thomas v. Namba (In re Thomas)* 287 B.R. 782 (B.A.P. 9th Cir. 2002).

The Trustee believes the Reason Farms Offer reflects a fair and reasonable price for the property and also wishes to entertain overbids in order to realize the maximum return on the property. The proposed sale will be conducted in good faith, and a good faith finding under Section 363(m) is appropriate.

### D. The Trustee Requests Authority to Pay Brokers Commission and Closing Costs.

The Trustee requests authority to pay all necessary closing costs and Prudential California Realty a commission of 6% consistent with the terms of the listing agreement between the Trustee and the brokerage. Pursuant to the listing agreement with Prudential California Realty, a copy of which is attached as Exhibit C, the commission may be shared with a cooperating broker.

### E. The Trustee Requests Authority to Pay Non-Delinquent Taxes and Closing Costs.

The Trustee requests authority to pay from the sales proceeds all necessary closing costs and

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

all non-delinquent real property taxes.

## III.
## CONCLUSION

It is appropriate that the Court grant the Trustee's motion as it is in the best interests of all creditors and the estate. All secured interests that affect the Balthazar Property will either consent to the sale free and clear or have claims that are the subject of a bona fide dispute. Accordingly, it is also appropriate that the sale be approved by the Court to be free and clear of the Cotchett Claim, the Spiller Claim and the Freidberg Claim. Finally, this Motion is supported by the Notice of Motion, the Declaration of David D. Flemmer, the Request for Judicial Notice and Exhibit List filed herein and on all papers and pleadings filed in this case.

WHEREFORE, the Trustee requests the Court to enter an Order that:

1. Authorizes the sale of the Balthazar Property to Reason Farms or to any successful overbidder free and clear of the interests evidenced by the Cotchett Claim, the Spiller Claim and the Freidberg Claim and all liens and/or encumbrances on the Everglade Property in any way related to such claims;

2. Provides for approval of not more than 2 back up bidders;

3. Authorizes the Trustee to execute all documents and take all action necessary to complete the proposed transaction;

4. Authorizes the Trustee to instruct the escrow company to pay all closing costs and prorations in connection with the transaction, including a commission of 6% to the brokers involved in the transaction;

5. Authorizes the Trustee to instruct the escrow company to pay non-delinquent property taxes at the close of escrow; and

6. Provides that the liens of Cotchett, Pitre & McCarthy, Spiller McProud and Freiberg & Parker attach to the net proceeds of the sale with the same priority and with the same validity, subject to the same objections, as would otherwise have been applicable to the Balthazar Property.

DATED: October 21, 2011

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: _____
DANIEL L. EGAN
Attorneys for Chapter 11 Trustee
DAVID D. FLEMMER

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO