**7 PAGES**
WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
MEGAN A. LEWIS (SBN 221263)
mlewis@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:  (916) 441-2430
Facsimile:  (916) 442-6664

Attorneys for Chapter 11 Trustee
DAVID D. FLEMMER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re | Case No. 09-26849-C-11 |
|---|---|
| CWS ENTERPRISES, INC., | DC No. WFH-63 |
| Debtor. | Date: February 13, 2013<br>Time: 10:00 a.m.<br>Dept.: C |

### APPLICATION BY TRUSTEE DAVID D. FLEMMER FOR FINAL ALLOWANCE OF FEES AND COSTS AS CHAPTER 11 TRUSTEE

David D. Flemmer, the Chapter 11 Trustee in the above-referenced case ("Trustee"), hereby applies for an order granting final allowance of fees and costs as Chapter 11 Trustee for the period of June 24, 2009 through August 31, 2012. Trustee seeks final allowance of fees in the amount of $450,344.49 and costs in the amount of $8,181.40.

### I.

### APPROVAL OF EMPLOYMENT OF TRUSTEE

On June 23, 2009, the Court entered an order approving the retention of David D. Flemmer as Trustee. (See Employment Order, Exhibit A.)

## II.

## PRIOR ALLOWANCE AND PAYMENT OF FEES

Trustee was granted prior interim allowance of fees and costs in the amount of $389,435.40 by order dated June 1, 2012. Of that amount, Trustee has been paid the sum of $74,361.

## III.

## NARRATIVE SUMMARY OF THE CASE

Debtor was formed in December 2007 as a result of a settlement of litigation between the owners of a large family farming and logging enterprise. In the settlement Debtor received significant amounts of farmland and timberland, commercial land, and $10,000,000 in cash. Debtor also inherited disputed claims for attorneys' fees and other claims that approached $20 million.

In January 2009, after a judgment had been entered against Debtor in favor of Cotchett, Pitre & McCarthy, Debtor transferred cash and real estate to Dane Siller. It then commenced a Chapter 11 case on April 10, 2009. Upon the motion of two of the largest creditors, the Court ordered the appointment of a trustee on June 16, 2009. Trustee was appointed Chapter 11 trustee, and Trustee retained Wilke Fleury as his counsel.

After his appointment, Trustee reached settlements with creditors Law Offices of Dennis Hauser, Law Offices of Randy Thomas, Law Office of Michael Barrette, Neil MacArthur Siller ,and Cotchett, Pitre & McCarthy. Trustee reached and consummated a settlement with Dane Siller that resulted in the recovery of approximately $4 million in cash and restructure of a promissory note in the amount of $3,150,000. Trustee also litigated and prevailed in obtaining access to $ 4 million in funds subject to a disputed lien of Freidberg & Parker. Upon prevailing, Trustee used the funds to satisfy the second installment due to Cotchett, Pitre & McCarthy under a previously approved settlement agreement. Trustee then negotiated a settlement with Freidberg & Parker, a law corporation, regarding the amount of its claims, and negotiated with Spiller McProud regarding treatment of their claims in a plan.

On April 16, 2012, Trustee obtained confirmation of Trustee's Third Amended Plan of Reorganization. The Effective Date of the Plan was May 1, 2012. Under the Plan, all creditors holding undisputed claims have been paid. The only remaining claim, asserted by Spiller McProud, is

currently on appeal, but Spiller McProud has been paid the sum of $496,987.97 toward its disputed claim. The Plan provides that the estate terminates as of the date 120 days following the Effective Date of the Plan. Following termination of the estate, Trustee, in his capacity as Plan Administrator, continues to operate the reorganized Debtor until the remaining Spiller McProud claim is liquidated and paid.

## IV.

### SUMMARY OF SERVICES PROVIDED IN THE CASE

During this case Trustee has acted as Chapter 11 Trustee. Trustee operated Debtor's agricultural and commercial properties, and negotiated and closed the sale of two such properties. Trustee obtained settlements of six major disputed claims, after commencing litigation with some of the claimants. Trustee confirmed a plan of reorganization that resulted in the payment, in full, of all undisputed claims, and the undisputed portion of the Spiller McProud claim. Trustee's efforts resulted in disbursements of over $14.2 million.

## V.

### SUMMARY OF FEES AND EXPENSES

During this case Trustee has acted as Chapter 11 Trustee and seeks final allowance of fees and costs pursuant to Section 330 of the Bankruptcy Code. Section 330(a)(7) directs the Court to treat the amount set forth in Section 326 as a "commission" for the Trustee. However, Section 330(a)(3) sets forth criteria for determining the reasonableness of Chapter 11 Trustee fees. The two provisions have been explained in *In re Salgado-Nava*, 473 B.R. 911, 921 (B.A.P. 9th Cir. 2012) as follows:

> "if extraordinary circumstances exist, or if chapter 11 trustee fees are at issue, the bankruptcy court may be called upon in those cases to determine whether there exists a rational relationship between the amount of the commission and the type and level of services rendered. In the case of a chapter 11 trustee, this determination necessarily requires consideration of the § 330(a)(3) factors, and also ordinarily includes a lodestar analysis."

*In re Salgado-Nava*, 473 B.R. 911, 921 (B.A.P. 9th Cir. 2012)

Here Trustee seeks fees in the amount set forth in Section 326 as set forth below in section A. Trustee's actual fees incurred in this case exceed the commission set forth in Section 326, as shown in Section B, and satisfy the requirements of Section 330(a)(3). Finally, Trustee seeks reimbursement of

1  expenses as discussed more fully Section C.

2  **A.  Calculation of Commission Set forth in 11 U.S.C. section 326**

3  Section 330(a)(7) provides that compensation to a trustee should be a treated as a commission in the amount set forth in Section 326. Section 326 of the Bankruptcy Code establishes the maximum compensation to a Chapter 11 Trustee. Section 326 provides as follows:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

It is clear that monies paid to secured and unsecured creditors, and amounts paid to administrative creditors, constitute moneys "disbursed or turned over in the case by the trustee to parties in interest…"

Section 7.01 of the confirmed plan of reorganization (Docket No. 1059, at 13) provides that the Chapter 11 estate continues for a period of 120 days following the effective date (the "Revesting Date.") On the Revesting Date, the Trustee becomes the Plan Administrator and his compensation is calculated as a flat fee. (*Id.* at Section 7.04(b), 15:20-28.) In this application Trustee seeks compensation under Section 326 for the period of time from his appointment through the Revesting Date. That period of time ran from June 23, 2009 through August 31, 2012.

Attached as Exhibit C is a report showing disbursements by Trustee from the date of his appointment through August 31, 2012 totaling $14,236,483.42. Based on such disbursements, Trustee seeks allowance of fees in the amount of $ $450,344.49, calculated as follows:

|       | Amount         | Rate | Fee         |
|-------|---------------|------|-------------|
|       | $5,000        | 25%  | $ 1,250.00  |
|       | $45,000       | 10%  | $ 4,500.00  |
|       | $950,000      | 5%   | $ 47,500.00 |
|       | $13,236,483.42| 3%   | $397,094.49 |
| Total | $14,236,483.42|      | $450,344.49 |

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

906603.1                                    -4-
APPLICATION BY DAVID D. FLEMMER FOR FINAL ALLOWANCE OF FEES AND COSTS

B.  **Reasonableness of Fees Pursuant to Section 330(a)(3)**

Although Trustee's compensation is to be treated as a commission in the amount set forth in Section 326 (See, 11 U.S.C. section 330(a)(7)), Section 330(a)(3) lists factors for the determination of the reasonableness of trustee fees. Section 330(a)(3) reads as follows:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C.A. § 330 (West)

Here, Trustee has maintained detailed timesheets showing the actual time spent working for the estate. Timesheets for the period of June 23, 2009 through March 31, 2012 are attached as Exhibit B. Timesheets for the period April 1, 2012 through August 31, 2012 are attached as Exhibit C. As shown in Exhibits B and C, Trustee spent 1,516.37 hours, and incurred fees in the amount of $492,722.75 during this case, calculated at Trustee's hourly rate of $325 per hour.

Trustee's services spanned the time period of over 38 months. During this time Trustee operated a substantial farming operation, litigated and settled claims asserted in an amount in excess of $20 million, and confirmed and implemented a Chapter 11 plan. During the time period covered by this fee application, Trustee's efforts resulted in payment in full of all but one creditor of the case, and

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

906603.1                       -5-
APPLICATION BY DAVID D. FLEMMER FOR FINAL ALLOWANCE OF FEES AND COSTS

1  disbursements in excess of $14.2 million. Trustee's rate--$325/ hour—was lower than the rates of
2  most attorneys involved in the case, and is substantially lower than the rate of at least one other
3  Chapter 11 trustee retained in contemporary case pending in the Bankruptcy Court for the Eastern
4  District (See, Second and Final Application for Compensation and Reimbursement of Expenses by
5  Chapter 11 Trustee filed in *In re Cal State Growth Fund*, Case No. 11-30626-A-11 (Docket No. 450)
6  (Trustee billed $425 per hour.))

7  Trustee requests the Court to find that the services provided by the Trustee were necessary to
8  and beneficial to the estate at the time they were performed, and that the amount sought is reasonable
9  within the meaning of Section 330.

### C. Reimbursement of Costs

Trustee also seeks final allowance of costs in the amount of $8,181.40. Costs include reimbursement for parking, mileage at $0.55 per mile, costs of Trustee's bond, and the storage of 115 boxes of litigation materials. Trustee is entitled to reimbursement of these costs because they represent specific out-of-pocket costs attributable to this estate and do not represent general overhead. ( See, e.g. *Sousa v. Miguel*, 32 F.3d 1370, 1376-1377 (9th Cir. Cal. 1994)("trustees are entitled to reimbursement for expenses incurred in the administration of a specific estate", although are not entitled to recover general overhead as costs.))

## VI.

## FUNDS IN THE ESTATE

The Reorganized Debtor had funds on hand, as of January 15, 2013, of $390,736.29. All other administrative expenses have been paid, and Debtor is not in default under the plan. Trustee expects the reorganized debtor to generate sufficient revenues from the 2012 and 2013 rice crop to be able to pay the allowed fees and costs of Trustee.

## VII.

## SUPPORTING AUTHORITY

This Application is supported by the Notice served concurrently herewith, an Exhibit List and the supporting Declaration of Daniel D. Flemmer.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

906603.1                                -6-
APPLICATION BY DAVID D. FLEMMER FOR FINAL ALLOWANCE OF FEES AND COSTS

## VIII.

## CONCLUSION

WHEREFORE, Trustee respectfully requests that the Court enter an order as follows:

1. Granting final allowance of fees and costs incurred in the Chapter 11 case pursuant to Section 330 in the total amount of $459,155.50 in fees and $8,181.40 in expenses for the period of June 23, 2009 through August 31, 2012;

2. For an order authorizing and directing the Chapter 11 Trustee to pay unpaid allowed fees and costs, in the amount of $392,975.90 from the funds currently held by the Reorganized Debtor; and

3. For such other and further relief as the Court deems just and proper.

DATED: January 23, 2013

WILKE, FLEURY, HOFFELT,
GOULD & BIRNEY, LLP

By: _____
DANIEL L. EGAN
Attorneys for Chapter 11 Trustee
DAVID D. FLEMMER