Case 09-26849    Filed 07/10/13    Doc 1171

**3 PAGES**

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
MEGAN A. LEWIS (SBN 221263)
mlewis@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:    (916) 441-2430
Facsimile:    (916) 442-6664

Attorneys for Plan Administrator
DAVID D. FLEMMER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CWS ENTERPRISES, INC.,<br><br>Debtor. | Case No. 09-26849-C-11<br><br>DC No. WFH-64<br><br>Date:   July 17, 2013<br>Time:   10:00 a.m.<br>Dept.:  C |

### REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING TRANSACTION OUT OF THE ORDINARY COURSE OF BUSINESS WITH DANE SILLER AND OPPORTUNITY FOR OVERBID

David D. Flemmer, the Plan Administrator in the above-referenced case ("Plan Administrator" or "Trustee"), submits this reply in support of his motion for an order approving transaction out of the ordinary course of business.

Plan Administrator filed this motion seeking approval of a transaction that would turn a defaulted promissory note into cash proceeds for the reorganized debtor in the amount of $2.75 million. With these funds, Plan Administrator would be able to satisfy remaining unpaid administrative claims, pay off the debtor's $2 million line of credit, and provide the Debtor with

liquidity to satisfy the Spiller McProud claim should it be allowed on appeal.[1]

The only objection to the transaction comes from the Debtor's equity security holder, Charles Siller. Mr. Siller argues, without evidence, that the transaction undervalues the promissory note. Mr. Siller first suggests that the discount equates to 33% of the face value of the note, but then acknowledges that this is not the proper comparison. Mr. Siller later argues that the question is "what the real estate is worth." (Opposition, 2:25.) That is not the proper question either.

The Plan Administrator does not own real property, but a promissory note secured by real property. The value of the real property is the upper limit of the value of the promissory note to the Plan Administrator, as a deficiency judgment is likely precluded by Cal. Code Civ. Proc. Section 580(b). However, the real value of the promissory note is less than the value of the underlying real property collateral. That value must be discounted again to reflect the costs and risks of enforcement of the deed of trust, including possible delays in enforcement, and the costs and delays in liquidating the real property even if the Plan Administrator were able to foreclose.

Here, the Plan Administrator's business judgment is entitled to deference. The Plan Administrator has negotiated with one other party regarding the acquisition of the promissory note, and the Siller offer is substantially greater than the other offer. (Mr. Siller indicated to the Plan Administrator that Mr. Siller had procured this other buyer and supported the sale to this other buyer.) The Plan Administrator has sold other properties of the Debtor in the same area, but has not achieved a price as great as the per acre price offered by Dane Siller. Finally, the Plan Administrator has offered the promissory note for sale in an overbid procedure. That procedure has been noticed to the other potential purchaser.

The Plan Administrator has also considered the impact of an adverse ruling in the Spiller McProud case. The Dane Siller compromise provides the Debtor liquidity to respond to an adverse ruling. In the absence of such liquidity, the Debtor would be forced to engage in a "fire sale" of this or other assets in order to avoid a loss of the other real properties pledged to secure the Spiller

---

[1] By paying down Debtor's current line of credit, Debtor will have $2 million in borrowing capacity to respond to an adverse ruling in the Spiller McProud claim objection matter.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

972442.2                        -2-
REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING TRANSACTION OUT OF THE ORDINARY
COURSE OF BUSINESS WITH DANE SILLER AND OPPORTUNITY FOR OVERBID

1  McProud claim.

2  Based on the foregoing factors, the Plan Administrator has concluded that the offer by Dane
3  Siller is in the best interests of the Debtor, and requests the Court to grant the motion.

4  DATED: July 10, 2013                    WILKE, FLEURY, HOFFELT,
                                            GOULD & BIRNEY, LLP

                                            By: _____
                                                DANIEL L. EGAN
                                                Attorneys for Plan Adminstrator
                                                DAVID D. FLEMMER

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

972442.2                               -3-
REPLY IN SUPPORT OF MOTION FOR ORDER APPROVING TRANSACTION OUT OF THE ORDINARY
COURSE OF BUSINESS WITH DANE SILLER AND OPPORTUNITY FOR OVERBID