**3 PAGES**

WILKE, FLEURY, HOFFELT, GOULD & BIRNEY, LLP
DANIEL L. EGAN (SBN 142631)
degan@wilkefleury.com
MEGAN A. LEWIS (SBN 221263)
mlewis@wilkefleury.com
STEVEN J. WILLIAMSON (SBN 238869)
swilliamson@wilkefleury.com
400 Capitol Mall, Twenty-Second Floor
Sacramento, California 95814

Telephone:   (916) 441-2430
Facsimile:    (916) 442-6664

Attorneys for Plan Administrator
DAVID D. FLEMMER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>CWS ENTERPRISES, INC.,<br><br>Debtor. | Case No. 09-26849-C-11<br><br>DC No. WFH-64<br><br>Date:   July 31, 2013<br>Time:  10:00 a.m.<br>Dept.:  C |

**SUPPLEMENTAL DECLARATION OF DAVID D. FLEMMER IN SUPPORT OF MOTION FOR ORDER APPROVING TRANSACTION OUT OF THE ORDINARY COURSE OF BUSINESS WITH DANE SILLER AND OPPORTUNITY FOR OVERBID**

I, David D. Flemmer, declare:

1. I am the duly appointed Plan Administrator in the above-referenced case. I make this declaration in that capacity and, if called upon to do so, could and would testify of my own personal knowledge of the facts set forth herein.

2. On July 17, 2013 the Court held a hearing on Plan Administrator's motion for order approving transaction out of the ordinary course of business with Dane Siller (the "Motion"). The hearing was continued to July 31, 2013 to allow other persons an additional opportunity to present overbids.

3. Following the July 17, 2013 hearing I contacted the following entities to determine any interest in bidding for the promissory note subject to the motion.

     a.     First National Acceptance

     b.     National Secured Capital.

     c.     Highland Financial

     d.     Liberty Capital Advisors

4.     On July 24, 2013 my counsel forwarded a form note purchase agreement to Frederick Schill, on behalf of South Yuba Investors, L.P., Randy Michelson, on behalf of Charles Siller, and Neil Siller (at the request of Randy Michelson.)

5.     After close of business on July 26, 2013 I received an e-mail from Sunny Dale inquiring regarding the terms for presenting an offer for the purchase of the promissory note.

6.     On July 29, 2013 I received a $100,000 deposit and a signed note purchase agreement from the following potential bidders:

     a.     South Yuba Investors, L.P.

     b.     Dale Investments, LLC

On July 30, 2013 South Yuba Investors, L.P. modified its signed note purchase agreement after discussions with my counsel. Copies of the note purchase agreements from South Yuba Investors, L.P. and Dale Investments, LLC are attached as Exhibits D and E.

7.     Following the July 17, 2013 hearing on the Motion, I sought and obtained a broker's opinion of value of the real property collateral securing the promissory note. The broker's opinion of value is not an appraisal, and is not intended to be relied upon by any third party. By disclosing the broker's opinion, I am not making any representation or warranty whatsoever regarding the value of the underlying real property collateral.

8.     The broker's opinion of value opines that the real property collateral has a value of $3.3 million. I questioned the broker regarding this opinion because the comparables cited had values of between $14,533 and $15,673 per acre. A value of $3.3 million for the Newkon Ranch property translates to $20,500 per acre. The broker's response to my inquiry indicated that the real property values are trending upward, and that the increase in value is based on his professional judgment and the property's potential for development.

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

980172.1     -2-

DECLARATION OF DAVID D. FLEMMER

9. Even if the underlying real property collateral has a value of $3.3 million, I still believe that a sale of the promissory note or a discounted payoff of the note (as offered by Dane and Lisa Siller) is in the best interests of the estate. As stated before, CWS Enterprises, Inc. owns a promissory note, and not the underlying real property collateral. Dane and Lisa Siller have the right to cure defaults on the promissory note and retain the collateral until the maturity of the note in 2019. If they exercised that right, the estate would not have sufficient liquidity to pay the asserted claim of Spiller McProud and would be forced to sell other property.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 30 day of July, 2013 in Sacramento, California.

_____
David D. Flemmer, Plan Administrator

WILKE, FLEURY,
HOFFELT, GOULD &
BIRNEY, LLP
ATTORNEYS AT LAW
SACRAMENTO

980172.1 -3-
DECLARATION OF DAVID D. FLEMMER